STATE OF MISSOURI, Respondent, v. ANTHONY S. ITTNER, Appellant.

### St. Louis Court of Appeals, March 17, 1903.

Criminal Law: INFORMATION: TITLE OF OFFICE. An information filed in the name of and signed by G. N. Fickeissen, acting prosecuting attorney of the St. Louis Court of Criminal Correction, and verified by affidavit of the prosecuting witness, is not objectionable on the ground that no such prosecuting officer is known to, or provided for, by the statutes.

Appeal from St. Louis Court of Criminal Correction.— *Hon. W. H. Clark,* Judge.

AFFIRMED.

*Stephen C. Rogers* for appellant.

(1)   The judgment should have been arrested because the information in the case is insufficient to support the verdict and judgment in this: The information is signed "G. N. Fickeissen, acting assistant prosecuting attorney of the St. Louis Court of Criminal Correction," and there is no warrant, authority nor provision in law for the preparing or signing of an information triable in the St. Louis Court of Criminal Correction, notwithstanding the adverse decision in the case of State v. Fitzporter, 17 Mo. App. 271, by any person other than the prosecuting attorney or assistant prosecuting attorney of said court. R. S. 1899, secs. 18, 19; R. S. 1899, sec. 4961.   (2)   "The duty of preparing informations for criminal proceedings in said St. Louis Court of Criminal Correction is specially committed to said assistant prosecuting attorney by the special statute relating to that court." State v. Daly, 49 Mo. App. 184; State v. Weeks, 88 Mo. App. 263.

REYBURN, J.—The defendant has appealed from a judgment of the St. Louis Court of Criminal Correction convicting him of assault and battery upon Frank Ungar. A trial was had before the court, the defendant adjudged guilty, and a fine of five dollars and costs imposed. It is strenuously urged in behalf of defendant, that he should have been discharged by reason of the insufficiency of the evidence to warrant any conviction. The record discloses abundant support in the testimony for the judgment of the trial court, and we can not pass upon the credibility of the witnesses, nor the preponderance of the proof. The information filed in the name of and signed by ''G. N. Fickeissen, acting assistant prosecuting attorney of the St. Louis Court of Criminal Correction,'' and verified by the affidavit of the prosecuting witness, is assailed as not filed by the proper officer, and that no such prosecuting officer as acting assistant prosecuting attorney of the St. Louis Court of Criminal Correction is known to or provided for by the statutes. In State of Missouri v. Fitzporter, 17 Mo. App. 270, an information of the same court in the name of and filed by a prosecuting officer designated by the same official title, was held valid. The same identical objections were arrayed in the Fitzporter case against the information as herein presented, and the same authorities and course of reasoning in both cases invoked, and we are now asked to reverse this earlier ruling of this court, without any good reason assigned therefor. The decision rendered by this court, through the eminent jurist delivering the opinion of the Fitzporter case, is to our minds eminently satisfactory and convincing, and the judgment of the lower court herein is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.